IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OHIO CASUALTY INSURANCE CO.,

Plaintiff,

vs.

MADISON COUNTY, ILLINOIS, an Illinois municipal
corporation, JOSEPH D. PARENTE, and

Defendants,

O'BRYAN CONSULTING, INC.,

Defendant/Third-Party Plaintiff,

vs.

ESSEX INSURANCE COMPANY,

Third-Party Defendant/Counter-Plaintiff,

vs.

MADISON COUNTY, ILLINOIS, an Illinois
municipal corporation, JOSEPH D. PARENTE,
and O'BRYAN CONSULTING, INC.,

Counter-Defendants.                                             No. 03-CV-00350-DRH


MEMORANDUM AND ORDER[1]


HERNDON, District Judge:

---

[1]This is one of two orders entered in this case today.  This order deals solely with the third-party complaint and related counterclaims.

## I. <u>Introduction</u>

Plaintiff Ohio Casualty Insurance Company ("Ohio Casualty") brought this declaratory judgment action pursuant to **28 U.S.C. § 2201** and **28 U.S.C. § 1332** against Madison County, Illinois ("Madison County") and Geraldine and Nevan Fisher (the "Fishers")[2]. **(Doc. 1)**. On August 11, 2004, Ohio Casualty filed its Third Amended Complaint against Madison County, Joseph Parente ("Parente"), Administrator of the Madison County Planning and Development Department, and O'Bryan Consulting, Inc., ("O'Bryan") seeking a declaration that it has no duty to defend them in a lawsuit filed by the Fishers, ***Fisher v. County of Madison, Illinois,* 03-CV-58-DRH (S.D. Ill. filed Feb. 3, 2003)** (Count I) and seeking reimbursement of the costs for defending O'Bryan in the ***Fisher*** suit (Count II). **(Doc. 51)**. By Memorandum and Order dated February 22, 2005, the Court found Ohio Casualty had a duty to defend O'Bryan in the ***Fisher*** suit.  **(Doc. 110)**.

On August 25, 2004, O'Bryan filed a Third Party Complaint for Declaratory Judgment and Demand for Jury Trial against Essex Insurance Company ("Essex") asking the Court to determine whether Essex owes a duty to defend and/or indemnify O'Bryan in the ***Fisher*** suit and to determine the respective responsibilities of Essex and/or Ohio Casualty, among other things.  **(Doc. 61)**.  Essex in turn has filed a Counterclaim for Declaratory Judgment against O'Bryan, Madison County,

---

[2]Ohio Casualty voluntarily dismissed the Fishers from the suit on July 31, 2003.  **(Doc. 4)**. Ohio Casualty then filed an Amended Complaint adding Joseph D. Parente to this suit.  **(Doc. 25)**. The Court subsequently consolidated Ohio Casualty's claims against Madison County and Parente with its claims against O'Bryan Consulting, Inc., arising out of the same underlying complaint. **(Doc. 26)**.

and Parente seeking a declaration that it has no duty to defend or indemnify them in the *Fisher* suit (Count I) and seeking reimbursement of the costs for defending O'Bryan in the *Fisher* suit (Count II).[3] **(Doc. 77)**.

Now before the Court is Essex's Motion for Judgment on the Pleadings and Memorandum in Support.[4] **(Doc. 103)**. Counter-Defendants Madison County and Parente oppose the motion **(Docs. 107 & 108)** by incorporating their response to Ohio Casualty's motion for judgment on the pleadings. Similarly, Counter-Defendant O'Bryan opposes the motion. **(Doc. 116)**.

For the reasons set forth below, the Court grants in part Essex's Motion for Judgment on the Pleadings with respect to Count I of its Counterclaim **(Doc. 103)** and finds Essex has no duty to defend and/or indemnify O'Bryan, Madison County or Parente in the *Fisher* suit. The Court also dismisses Count II of Essex's Counterclaim given the Illinois Supreme Court's decision in ***General Agents Ins. Co. of America, Inc. v. Midwest Sporting Goods Co.,* – N.E.2d – , No. 98814, 2005 WL 674685, at *11 (Ill. March 24, 2005)**. Further, because the Court finds

_____

[3] Essex voluntarily dismissed two of the Counter-Defendants, the Agents of Madison County and Levco, C.D.S., from the suit. **(Doc. 112)**.

[4] Essex has also filed a Notice of Voluntary Dismissal of Count II of its Counterclaim pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(c)**. **(Doc. 118)**. Count II seeks reimbursement of the costs for defending O'Bryan in the *Fisher* suit. While the Court agrees that Count II must be dismissed based on the Illinois Supreme Court's decision in ***General Agents Ins. Co. of America, Inc. v. Midwest Sporting Goods Co.,* – N.E.2d – , No. 98814, 2005 WL 674685, at *11 (Ill. March 24, 2005)(refusing to permit an insurer to recover defense costs pursuant to a reservation of rights absent an express provision to that effect in the insurance contract between the parties)**, Essex has not utilized the appropriate procedural vehicle. In any event, the Court will not consider Essex's arguments with respect to Count II of its Counterclaim in the instant motion and will dismiss Count II with prejudice.

Essex has no duty to defend or indemnify O'Bryan, the Court dismisses O'Bryan's Third Party Complaint with prejudice.

## II.  Background

### A.  The *Fisher* Suit

Essex's Counter claim rests on the Fishers' Third Amended Complaint.[5] **(Doc. 51, Ex. B)**.

In their Third Amended Complaint the Fishers allege sometime prior to October 18, 2001 Madison County Planning and Development Department sent an undated notice to the Bank of Edwardsville, as Successors Trustee under the Land Trust Agreement, stating the building or buildings on 3733 Ridgeview Road, Edwardsville, Illinois, were hazardous and were to be repaired or demolished within thirty (30) days or Madison County would undertake the task.  **(Doc. 51, Third Amended Complaint and Jury Demand ("Compl.") at Count I ¶ 11, Count II ¶ 10)**.  The Fishers owned the land subject to the notice via a land trust.  **(Compl. at Count I ¶ 10, Count II ¶ 9)**.

On November 12, 2001, Nevan Fisher sent notice to Parente regarding his contract to have the house, garage, and corn crib demolished and removed from the premises.  **(*Id.* at Count I ¶ 12, Count II ¶ 11)**.  On November 15, 2001, Geraldine Fisher obtained demolition permit numbers B01-1413 and B01-1414

---

[5]Essex tells the Court that it agrees with the Statement of Facts set forth by Ohio Casualty in its Motion for Judgment on the Pleadings which rests on the Fishers' Third Amended Complaint and Jury Demand.  **(Doc. 103, Essex Ins. Co.'s Mot. For Judgment on the Pleadings and Mem. of Law in Support at p. 2)**.

from the Madison County Planning and Development Department to demolish the house, garage, and corn crib on the Fishers' property.  (**_Id._ at Count I ¶ 13, Count II ¶ 12**).

Between November 16-23, 2001, Scott Schmidt Excavating and Hauling performed the demolition of the alleged "dangerous structures" on the Fishers' property.  (**_Id._ at Count I ¶ 14, Count II ¶ 13**).  Approximately two months after the Fishers allegedly corrected the ordinance violations on their property, Madison County, under the direction of Parente, solicited bids for the demolition of the Fishers' property.  (**_Id._ at Count I ¶ 15, Count II ¶ 14**).  On January 26, 2002, O'Bryan submitted a bid to the Madison County Community Development Board to demolish the Fishers' property.  (**_Id._ at Count I ¶ 16, Count II ¶ 15**).  On January 30, 2002, Madison County awarded a demolition contract to O'Bryan.  (**_Id._ at Count I ¶ 17, Count II ¶ 16**).  On February 7, 2002, O'Bryan signed a contract, obtained the relevant permits, and demolished two barns and one metal shed on the Fishers' property.  (**_Id._ at Count I ¶¶ 18, 19; Count II ¶¶ 17, 18**).  During the demolition, the Fishers allege Madison County, Parente, and O'Bryan also took two antique vehicles owned by the Fishers, wood from one of the demolished barns, twenty truck loads of clean concrete, and street-sweeping vehicle parts from the metal shed on their property.  (**_Id._ at Count I ¶ 20, Count II ¶ 18**).  On April 3, 2002, Madison County, under the direction of Parente, tendered payment of $2,900.00 to O'Bryan and filed a lien against the Fishers' property for that amount.  (**_Id._ at Count I ¶ 22,**

**23)**.

Count I of the Fishers' complaint is a claim against Madison County, Parente, and O'Bryan for deprivation of property under **42 U.S.C. § 1983**.  The Fishers allege that Madison County, Parente, and O'Bryan, individually and collectively, acted to violate their constitutional rights to their property in one or more of the following manners: (1) knowingly and intentionally or with reckless disregard destroyed their property; (2) knowingly and intentionally or with reckless disregard converted their personal property; or (3) entered upon the Fishers' land to destroy their property and to convert their personal property without due process of law.  (*Id.* **at Count I ¶ 24)**.  The Fishers ask for actual damages in excess of $75,000, attorneys' fees, and costs.

Count II of the complaint is a negligence claim (added by an amendment to the Fishers' complaint) against O'Bryan only.  The Fishers allege that O'Bryan was negligent in one or more of the following: (1) negligently or with reckless disregard for the Fishers' rights destroyed their property; (2) negligently or with reckless disregard for the Fishers' rights converted their personal property; (3) negligently and carelessly entered upon the Fishers' land to destroy their property; or (4) failed to review Madison County records prior to demolishing the Fishers' property to determine whether the dangerous structures had previously been demolished.  (*Id.* **at Count II ¶ 20)**.  The Fishers allege as a result of O'Bryan's negligence they were deprived of their property.  (*Id.* **at Count II ¶ 21)**.  The Fishers ask for actual damages in excess of $75,000 and costs.

According to Essex's Counterclaim for Declaratory Judgment, O'Bryan subcontracted a portion of its work to Levco, C.D.S. ("Levco").  **(Doc. 77, Essex Insurance Co.'s Answer to O'Bryan Consulting, Inc.'s Third Party Complaint for Declaratory Judgment and Counterclaim for Declaratory Judgment at p. 4)**.  As part of its subcontract, Levco was required to include O'Bryan and Madison County Community Development as additional insureds. **(*Id.* at p. 5)**  O'Bryan has tendered the defense of the Fishers' action to Essex.  **(*Id.*)**  Essex has accepted O'Bryan's tender, subject to a full reservations of rights.  **(*Id.*)**  Madison County and Parente have not tendered their defense of the Fishers' action to Essex.  **(*Id.*)**

### B.  The Essex Policy

Essex issued Policy No. 3AQ6174 to Levco as the named insured.  **(Doc. 77, Ex. A)**.  The policy provided for Commercial General Liability ("CGL") coverage with an effective policy period of July 29, 2001 to July 29, 2002.  Both O'Bryan and Madison County Community Development were additional insureds on Levco's policy with Essex.  The Additional Insured Endorsement provides as follows:

THIS ENDORSEMENT CHANGES THE POLICY.

Section II - WHO IS AN INSURED of the Commercial General Liability Form is amended to include:

Person or Entity:

O'Brian [sic] Consulting
50 Bend Road
E. St. Louis, IL 62201

Interest of the Above:

Job Owner

as an additional insured under this policy, but only as respects negligent acts or omissions of the Named Insured and only for occurrences, claims or coverage not otherwise excluded in the policy.

It is further agreed that where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the above-identified additional insured.

Moreover, it is agreed that no coverage shall be afforded to the above-identified additional insured for an "bodily injury," "personal injury," or "property damage" to any employee of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury.

**(Doc. 77, Ex. A, Endorsement M/E –009)**.   An identical endorsement adds Madison County Community Development as an additional insured to the Essex Policy.

### III. <u>Analysis</u>

#### A.  Motion for Judgment on the Pleadings Standard

**RULE 12(c)** permits a party to move for judgment on the pleadings after the close of the pleadings.   **FED. R. CIV. P. 12(c)**[6]; ***Northern Indiana Gun &***

---

[6]**FEDERAL RULE OF CIVIL PROCEDURE 12(c)** provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**FED. R. CIV. P. 12(c)**.

*Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998) **(citation omitted)**. As in **RULE 12(b)** motions, courts grant a **RULE 12(c)** motion only if "'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *City of South Bend,* **163 F.3d at 452 (quoting** *Craigs, Inc. v. General Elec. Capital Corp.,* **12 F.3d 686, 688 (7th Cir.1993))**. Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. *Id.* The court "'will view the facts in the complaint in the light most favorable to the nonmoving party,' *GATX Leasing Corp. v. National Union Fire Ins. Co.,* **64 F.3d 1112, 1114 (7th Cir. 1995)**;'[h]owever, [the court is] not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law.'" *Id.* **(***R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.,* **895 F.2d 279, 281 (7th Cir. 1989))**.

## B.  Essex's Duty to Defend

Illinois law treats the interpretation of an insurance policy as a question of law that the court may resolve summarily.[7] *See Connecticut Indem. Co. v. DER Travel Service, Inc.,* **328 F.3d 347, 349 (7th Cir. 2003)(citing** *Crum & Forster Managers Corp. v. Resolution Trust Corp.,* **620 N.E.2d 1073, 1077 (Ill. 1993))**.

---

[7]This is an action for declaratory judgment based on the Court's diversity jurisdiction. The parties do not contest that Illinois law applies to the substantive issues. When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits. *See Indiana Ins. Co. v. Pana Community Unit School Dist. No. 8,* **314 F.3d 895, 900 (7th Cir. 2002)(citing** *Wood v. Mid-Valley Inc.,* **942 F.2d 425, 426 (7th Cir. 1991))**.

Whether an insurer must defend the insured is a question resolved by comparing the allegations of the underlying complaint to the insurance policy. *Id.* (citing *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 655 N.E.2d 842, 847 (Ill. 1995)). If the underlying complaint alleges facts within or *potentially* within policy coverage, the insurer is obligated to defend its insured, even if the allegations are groundless, false, or fraudulent. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991). However, an insurer has no duty to defend where it is "'clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage.'" *Connecticut Indem. Co.*, 328 F.3d at 349 (quoting *United States Fidelity & Guaranty Co.*, 578 N.E.2d at 930). The legal labels used by a plaintiff in the underlying case are not dispositive as to whether a duty to defend exists. *Id.* (citing *Lexmark Int'l, Inc. v. Transp. Ins. Co.*, 761 N.E.2d 1214, 1221 (Ill. App. Ct. 2001)). Furthermore, if the insurer relies on an exclusionary provision, it must be "clear and free from doubt" that the policy's exclusion prevents coverage. *See Bituminous Casualty Corp. v. Fulkerson,* 571 N.E.2d 256, 262 (Ill. App. Ct. 1991). The Court must liberally construe the underlying complaint and the insurance policy in favor of the insured. *See United States Fidelity & Guaranty Co., 578 N.E.2d at 930*. Keeping these principles in mind, the Court now turns to comparing the allegations of the underlying complaint with the policy.

Essex argues, among other things, the Fishers' complaint does not allege

Page 10 of 13

negligent acts or omissions of Essex's Named Insured, Levco.  The Endorsement that adds O'Bryan and Madison County Community Development as additional insured specifically limits coverage to "negligent acts or omissions of [Levco], and only for occurrences, claims or coverage not excluded by the policy."  It further provides that "where no coverage shall apply herein for the Named Insured, no coverage nor defense shall be afforded to the additional insured."  Essex points out that Levco is not a defendant in the Fisher complaint, asserting that there is simply no indication that the Fishers' claims against Madison County or O'Bryan are based upon negligence on the part of Levco.  Counter-Defendants O'Bryan, Madison County and Parente fail to address this critical argument.

After reviewing the record in this case[8], the Court finds there are simply no allegations of negligent acts or omissions by Levco in the Fishers' complaint. Accordingly, based on the plain language of Essex's policy requiring negligence on the part of its Named Insured, Levco, for coverage of additional insureds, the Court finds Essex has no duty to defend (and also no duty to indemnify) O'Bryan, Madison County, or Parente in the *Fisher* suit.  *See Crum & Forster Managers Corp. v. Resolution Trust Corp.,* **620 N.E.2d 1073, 1081 (Ill. 1993)(where there is no duty to defend, there is also no duty to indemnify**).

---

[8]The Court notes that O'Bryan has filed a third-party complaint against Levco in the *Fisher* suit.  The Court will not consider the third-party complaint given it was never made a part of this declaratory judgment action.

## C.  O'Bryan's Third-Party Complaint Against Essex

As noted above, O'Bryan has filed a Third Party Complaint for Declaratory Judgment and Demand for Jury Trial against Essex asking the Court to determine whether Essex owes a duty to defend and/or indemnify O'Bryan in the ***Fisher*** suit and to determine the respective responsibilities of Essex and/or Ohio Casualty.  Because the Court has found that Essex does not owe a duty to defend O'Bryan, Essex has no duty to indemnify O'Bryan.  ***See Crum & Forster Managers Corp.***, **620 N.E.2d at 1081**.  Put simply, Essex has no responsibility to defend or indemnify O'Bryan in the ***Fisher*** suit.[9]

## IV.  Conclusion

In conclusion, the Court **GRANTS in part** Essex's Motion for Judgment on the Pleadings with respect to Count I of its Counterclaim **(Doc. 103)** and finds Essex has no duty to defend and/or indemnify O'Bryan, Madison County or Parente in the ***Fisher*** suit.  The Court **DISMISSES with prejudice** Count II of Essex's Counterclaim.

---

[9]In its third-party complaint against Essex, O'Bryan asks the Court to determine the "respective responsibilities of Essex Insurance and/or Ohio Casualty Insurance Company to defend and/or indemnify O'Bryan Consulting, Inc." in the ***Fisher*** suit.  **(Doc. 61, Third Party Complaint for Declaratory Judgment and Demand for Jury Trial at p. 3)**.  O'Bryan never filed a counterclaim against Ohio Casualty asking the Court to determine whether Ohio Casualty owes a duty to indemnify it in the ***Fisher*** suit.  Even assuming O'Bryan had filed a counterclaim against Ohio Casualty, the Court would most likely have dismissed it without prejudice as premature pending a finding of liability against O'Bryan in the underlying suit.  ***See, e.g., Outboard Marine Corp. v. Liberty Mut. Ins. Co.***, **607 N.E.2d 1204, 1221 (Ill. 1992)("[T]he question of whether the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it.")**.

Further, because the Court finds Essex has no duty to defend O'Bryan, the Court **DISMISSES with prejudice** O'Bryan's Third Party Complaint for Declaratory Judgment and Demand for Jury Trial.  **(Doc. 61)**.

**IT IS SO ORDERED.**

Signed this 2nd day of June, 2005.


/s/     David RHerndon

United States District Judge